Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Nicholas Santos**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**3 P Solutions, Inc.**, an Arizona company;<br>**Eric Laubmeier,** an Arizona resident; and<br>**Julia Laubmeier,** an Arizona resident;<br><br>Defendants. | Case No.<br><br><br>**VERIFIED COMPLAINT**<br><br><br>**(Jury Trial Requested)** |

Plaintiff Nicholas Santos ("**Plaintiff**"), for his Verified Complaint against Defendants 3 P Solutions, Inc.; Eric Laubmeier; and Julia Laubmeier; (**"Defendants"**), hereby alleges as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); unlawful failure to pay Arizona minimum wage pursuant to A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**" or "**AMWS**"); and failure to make timely payment of wages under the Arizona Wage Statute,

A.R.S. §§ 23-350 – 23-355 ("**Arizona Wage Statute**" or "**AWS**").

2. This action is also brought to recover overtime and minimum wage compensation, liquidated or double damages, treble damages, and statutory penalties resulting from Defendants' violations of the FLSA and AMWS.

3. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the AWS.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

6. Plaintiff was employed by Defendants in this District.

## PARTIES

7. At all relevant times to the matters alleged herein, Plaintiff resided in the District of Arizona.

8. Plaintiff was a full-time employee of Defendants from on or around January 2020, until on or around October 12, 2021 ("**all relevant times**").

9. At all relevant times to the matters alleged herein, Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

10. At all relevant times to the matters alleged herein, Plaintiff was an employee of Defendants as defined by A.R.S. § 23-362(A).

11. At all relevant times, Plaintiff was an employee of Defendant 3 P Solutions,

Inc. as defined by A.R.S. § 23-350(2).

12. Defendant 3 P Solutions, Inc. is a company authorized to do business in Arizona.

13. At all relevant times to the matters alleged herein, Defendant 3 P Solutions, Inc. was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

14. At all relevant times to the matters alleged herein, Defendant 3 P Solutions, Inc. was Plaintiff's employer as defined by A.R.S. § 23-362(B).

15. At all relevant times to the matters alleged herein, Defendant 3 P Solutions, Inc. was Plaintiff's employer as defined by A.R.S. § 23-350(3).

16. Defendant Eric Laubmeier is an Arizona resident.

17. Defendant Eric Laubmeier has directly caused events to take place giving rise to this action.

18. Defendant Eric Laubmeier is a manager of 3 P Solutions, Inc.

19. Defendant Eric Laubmeier is an employer of 3 P Solutions, Inc.

20. Defendant Eric Laubmeier is a director of 3 P Solutions, Inc.

21. Defendant Eric Laubmeier is a shareholder of 3 P Solutions, Inc.

22. Defendant Eric Laubmeier is a president of 3 P Solutions, Inc.

23. Defendant Eric Laubmeier has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

24. Defendant Eric Laubmeier has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

25. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the

FLSA, Defendant Eric Laubmeier is an employer.

26. Defendant Eric Laubmeier had the authority to hire and fire employees.

27. Defendant Eric Laubmeier had the authority to hire and fire Plaintiff.

28. Defendant Eric Laubmeier interviewed and hired Plaintiff.

29. Defendant Eric Laubmeier terminated Plaintiff after he put in his two weeks' notice.

30. Defendant Eric Laubmeier supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

31. Defendant Eric Laubmeier would give Plaintiff work instructions through the Package AI application.

32. Defendant Eric Laubmeier determined the rate and method of Plaintiff's payment of wages.

33. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Eric Laubmeier is subject to individual and personal liability under the FLSA.

34. Defendant Julia Laubmeier is an Arizona resident.

35. Defendant Julia Laubmeier has directly caused events to take place giving rise to this action.

36. Defendant Julia Laubmeier is an employer of 3 P Solutions, Inc..

37. Defendant Julia Laubmeier has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

38. Defendant Julia Laubmeier has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

39. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Julia Laubmeier is an employer.

40. Defendant Julia Laubmeier determined the rate and method of Plaintiff's payment of wages.

41. Defendant Julia Laubmeier ran payroll.

42. As a person who acted in the interest of the previously identified corporate entities in relation to the company's employees, Defendant Julia Laubmeier is subject to individual and personal liability under the FLSA.

43. Upon reasonable belief, during Plaintiff's employment with Defendants, Defendant Eric Laubmeier and Defendant Julia Laubmeier were legally married.

44. Defendant Eric Laubmeier and Defendant Julia Laubmeier have caused events to take place giving rise to this action as to which their marital community is fully liable.

45. Under the principle of marital community property, actions by one individual are imputed on the marital community property.

46. Plaintiff further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

47. Defendants, and each of them, are sued in both their individual and corporate capacities.

48. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

49. Plaintiff has a good faith reasonable belief that in his work for Defendants, he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2020.

50. Plaintiff has a good faith reasonable belief that in his work for Defendants, he was employed by an enterprise engaged in commerce that had (or will have) an annual gross sales of at least $500,000 in 2021.

51. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

52. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

53. Plaintiff, in his work for Defendants, regularly handled goods produced and transported in interstate commerce.

54. Plaintiff used the application Package AI to track his routes.

55. Plaintiff would communicate via text message and telephone with Defendants and coworkers.

56. Under the FLSA, Plaintiff is a covered employee under individual coverage.

57. Under the FLSA, Plaintiff is a covered employee under enterprise coverage.

## FACTUAL ALLEGATIONS

58. 3 P Solutions, Inc. is a company that contracts with Spencer's TV & Appliance that provides transportation of appliances from Spencer's locations to customer's homes and businesses and 3 P Solutions, Inc's employees install those appliances.

59. On or around January 2020, Plaintiff Nicholas Santos commenced

employment with Defendants as an installer.

60. Plaintiff's primary job duties included moving and installing appliances into Spencer's TV & Appliance's customers' homes and businesses.

61. Plaintiff Nicholas Santos was not given an hourly rate.

62. Plaintiff Nicholas Santos calculated that he was being paid $34.73 an hour from the amount listed on his most recent paystub.

63. Plaintiff was a non-exempt employee.

64. Plaintiff was paid supposed to be paid 30% of total jobs, no matter how many hours he worked.

65. Plaintiff worked in excess of 40 hours per week.

66. Plaintiff estimates that he worked approximately 70 hours per week.

67. Defendants failed to properly compensate Plaintiff for all his overtime hours.

68. Plaintiff was not provided with the required one and one-half times pay premium as required by the FLSA for all his worked overtime hours.

69. During the relevant time period, Plaintiff did not receive any overtime wages.

70. Defendants were aware that Plaintiff's working hours exceeded 40 hours.

71. Defendants required him to work overtime as a condition of his employment.

72. Plaintiff is also owed his final paychecks in the amount of $4,200.

73. Therefore, because he received $0.00 for his last paycheck for hours worked, an FLSA, AMWS, and AWS violation has occurred.

74. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due on his next paycheck.

75. Defendants refused and/or failed to properly disclose or apprise Plaintiff of

his rights under the FLSA.

76. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
## (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

77. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

78. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

79. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

80. Defendants have intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

81. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 206.

82. In addition to the amount of unpaid minimum wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

83. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

84. Defendants knew Plaintiff was not being compensated full minimum wages for time worked.

85. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

86. Defendants have not made a good faith effort to comply with the FLSA.

87. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
## (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

88. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

89. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

90. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

91. Defendants have intentionally failed and/or refused to pay Plaintiff overtime wages according to the provisions of the FLSA.

92. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

93. In addition to the amount of unpaid overtime wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

94. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

95. Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages.

96. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

97. Defendants have not made a good faith effort to comply with the FLSA.

98. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT III
## (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

99. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

100. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

101. Defendants intentionally failed and/or refused to pay Plaintiff full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

102. In addition to the amount of unpaid minimum wage owed to Plaintiff, he is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

103. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT IV
## (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)
## (AGAINST DEFENDANT 3 P SOLUTIONS, INC. ONLY)

104. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

105. At all relevant times, Plaintiff was employed by Defendant 3 P Solutions, Inc. within the meaning of the Arizona Wage Statute.

106. Defendant 3 P Solutions, Inc. was aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

107. Defendant 3 P Solutions, Inc. was aware that, under A.R.S. § 23-353, it was obligated to pay all wages due to Plaintiff.

108. Defendant 3 P Solutions, Inc. failed to timely pay Plaintiff his wages due without a good faith basis for withholding the wages.

109. Defendant 3 P Solutions, Inc. has willfully failed and refused to timely pay wages due to Plaintiff.

110. As a result of Defendant 3 P Solutions, Inc.'s unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

   i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

   ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

   iii. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

   iv. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

   v. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

   vi. willfully violated minimum wage provisions of the Arizona Minimum

Wage Statute, by failing to pay minimum wages

vii. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated or double damages, and / or treble damages, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED November 10, 2021.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

## **VERIFICATION**

Plaintiff Nicholas Santos declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

_____
Nicholas Santos